# EXHIBIT B

## PURCHASE AND ASSIGNMENT AGREEMENT

**THIS PURCHASE AND ASSIGNMENT AGREEMENT** (the "Agreement") is made as of April 22, 2026, by and between **H. JASON GOLD, TRUSTEE FOR THE BANKRUPTCY ESTATE OF 4559 BENNING RD SE DE LLC** (the "Trustee"), and **VELOCITY COMMERCIAL CAPITAL, LLC D/B/A NEW DAY COMMERCIAL CAPITAL** (the "Purchaser").

WHEREAS, on August 27, 2025, 4559 Benning Rd SE DE LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware [Case No. 25-11583] (the "Bankruptcy Case").

WHEREAS, the Bankruptcy Case was transferred to the United States Bankruptcy Court for the District of Columbia (the "Court") on October 9, 2025 [Case No. 25-00465].  The Trustee was appointed the successor Chapter 7 Trustee and continues to serve in such capacity.

WHEREAS, on June 30, 2025, the Purchaser extended a loan to the Debtor in the original principal amount of $6,610,000 (the "Loan") to fund the purchase of properties located at 4559 Benning Rd SE, 4569 Benning Rd SE, and 4480 C St SE, Washington DC 20019 (collectively, the "Properties") pursuant to that certain Loan Agreement dated June 30, 2025 in the original principal amount of $6,610,000 (the "Loan Agreement").

WHEREAS, the Loan is secured by a properly perfected, first priority mortgage and lien on the Properties (the "Lien") pursuant to a Deed of Trust, Security Agreement and Assignment of Rents and Leases dated June 30, 2025, and recorded on July 24, 2025 with the D.C. Recorder of Deeds.

WHEREAS, by virtue of various provisions of Title 11 of the United States Code (the "Bankruptcy Code"), the Trustee, as representative of the estate, has the authority to sell and assign all claims and causes of action of the estate (collectively, the "Claims"), including (but not limited to) any claims and causes of action arising under state or federal law, by virtue of any contract or agreement and/or arising under sections 502(d), 544, 545, 547, 548, 549, and 550 of the Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code.

WHEREAS, the Trustee now seeks to sell the Properties to a third party to be determined and has requested the consent of the Purchaser to effectuate the same.

WHEREAS, the Purchaser has agreed to the sale of the Properties free and clear of its Lien on the Properties (provided that the Lien shall attach to the sale proceeds (the "Proceeds") in the

1

4917-8053-3412.1

same amount and with the same priority as currently existing on the Property, and all of New Day's rights to contest the priority of purported senior liens are reserved) notwithstanding that the Loan will not be paid in full from the Proceeds, and to carve out certain Proceeds from its Lien for the benefit of the Debtor's estate, as more specifically set forth herein, subject to and in exchange for the Trustee selling and assigning the Claims to the Purchaser.

**NOW THEREFORE**, in consideration of the premises and the mutual covenants, representations and warranties herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the parties hereto hereby agree as follows:

1.      **TRANSFER AND SALE OF THE ASSETS.**  The Purchaser agrees to purchase and the Trustee, in consideration for the Purchase Price, agrees, in his business judgment, to sell, transfer, convey, and assign, without recourse, the Claims.

2.      **OWNERSHIP OF THE ASSETS.**  Following the sale, transfer, conveyance, and assignment of the Claims, as set forth in Article 1:

   a.   The Purchaser shall be the sole owner of the Claims, free and clear of any and all liens, claims, and encumbrances, and the Claims shall be considered the Purchaser's property; and

   b.   The Purchaser, as owner of the Claims, shall have full control over the investigation, prosecution, litigation strategy, negotiations, settlement determinations, resolution, and disposition of those claims constituting the Claims.

3.      **PURCHASE PRICE.**  The total purchase price for the Claims shall be in the form of a carveout from the Lien to be paid from the Proceeds at the closing for the sale of the Properties, in an amount equal to: (i) 50% of the statutory commissions to which the Trustee would otherwise be entitled pursuant to 11 U.S.C. § 326; (ii) the reasonable fees and costs incurred by Redmon Peyton & Braswell, LLC, counsel for the Trustee, in an amount not to exceed $25,000; (iii) $7,500 for Barry Strickland & Company, Certified Public Accountants, the accountant to be engaged by the Trustee; and (iv) the ordinary, necessary and reasonable closing costs incurred in connection with the sale of the Properties, including any commission due to RealMarkets and Century 21 Commercial New Millennium as commercial real estate agent and listing Broker for the Chapter 7 Trustee, other than any liens or costs that are subject to challenge (collectively, the "Purchase Price").  The Purchaser does not, absent further written consent, agree to a carveout from its Lien with respect to payment of any other obligations or purported liens relating to the Property, even if such liens are purported to be senior to the Lien, and the Purchaser reserves the right to challenge the allowance, amount, and priority of any liens on the Property or against the Debtor.

2

4.  **ADDITIONAL DOCUMENTATION**. The Purchaser and the Trustee agree to execute such additional documents as may be necessary to effectuate or document the transaction contemplated herein.  The Trustee agrees to cooperate with the Purchaser to cure any deficiency with respect to the Purchaser's standing or ability to prosecute the claims constituting the Claims, including by joining in any pleading or filing any notice or pleading with any court or tribunal.

5.  **CLOSING AND POSSESSION.**  The sale, transfer, conveyance, and assignment of Claims shall be immediate upon full execution of this Agreement, subject only to Court approval, which the Trustee shall promptly seek, and such sale and assignment is irrevocable regardless of the amount of Proceeds ultimately received.

6.  **COMMISSION.**  The Trustee and the Purchaser each represent that neither is represented by an agent or broker in connection with this transaction.  Each party shall not pay, or be responsible for payment, for any commissions that are payable by the other party.

7.  **AS IS WHERE IS SALE.**  The Purchaser shall accept the Claims in an "AS IS, WHERE IS" condition with all faults as of the date of assignment and the Purchaser shall specifically agree that the Trustee has not and does not make any representations or warranties of any kind whatsoever, express or implied, to the Purchaser regarding the Claims.

8.  **HEADINGS**.  The captions and headings used in this Agreement are for convenience only and do not in any way limit, amplify, or otherwise modify the provisions of this Agreement.

9.  **TIME OF ESSENCE**.  Time is of the essence in the performance of this Agreement.

10.  **COST OF PERFORMANCE**.  In the absence of a specific provision to the contrary, the party upon whom an obligation is imposed hereunder shall perform the obligation at its expense.

11.  **CONSTRUCTION**.  The parties acknowledge that they have reviewed this Agreement and that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or any exhibits or amendments hereto.

12.  **AUTHORITY AND GUARANTY**.  This Agreement is subject to approval by the Court.  Except as otherwise noted herein, the Trustee and the Purchaser warrant that they have full power and authority to enter into this Agreement, that no third-party approvals are necessary for it to lawfully enter into this Agreement and that the execution of this Agreement will not violate any material agreement or court order.  This Agreement, when executed and delivered, will be the legal, valid and binding obligations of the Trustee and the Purchaser, enforceable in accordance with the terms of this Agreement, except as enforcement might be limited by law.  The Purchaser

4917-8053-3412.1

warrants that its performance under this Agreement will not conflict with, result in a breach of or default under or be adversely affected by, any agreements, instruments, decrees, judgments, injunctions, orders, writs, laws, rules or regulations, or any determination or award of any arbitrator, to which it or by which it or its assets are bound.  This Agreement shall be binding upon and inure to the benefit of the Trustee and the Purchaser, their successors and assigns, heirs and personal representatives as may be applicable.

13.     **BINDING EFFECT**.  The Purchaser may assign the Purchaser's rights under this Agreement without the prior written consent of the Trustee.  This Agreement shall be binding upon and inure to the benefit of the respective legal representatives, successors and assigns of the parties.  No assignment shall relieve the assignor of any obligation under this Agreement, whether arising before or after such assignment.

14.     **SEVERABILITY**.  If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws, such provision shall be fully severable, this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by such illegal, invalid or unenforceable provision or by its severance from this Agreement.

15.     **COUNTERPARTS**.  This Agreement may be executed in any number of identical counterparts which, taken together, shall constitute one agreement.  PDF, TIF, facsimile and other electronic images of the signatures of the parties hereto will be deemed originals for all purposes.  Notwithstanding the foregoing, in making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart executed by the party to be charged.

16.     **JURISDICTION**.  This Agreement shall be governed by and construed in accordance with the laws of the District of Columbia.  The Trustee and the Purchaser consent to the jurisdiction and venue of the United States Bankruptcy Court for the District of Columbia.

17.     **ENTIRE AGREEMENT**.  This Agreement embodies the entire agreement between the parties relative to the subject matter hereof, and there are no oral or written agreements between the parties, nor any representations made by either party relative to the subject matter hereof, which are not expressly set forth herein.  No waivers, amendments or modification of this Agreement shall be valid unless in writing and signed.  No waiver of default by the Trustee and the Purchaser shall operate as a waiver of any other default or the same default on a future occasion.  Neither the failure nor any delay on the part of the Trustee or the Purchaser in exercising any right, power or remedy under this Agreement from and after the date of this Agreement shall operate as a waiver nor shall a single or partial exercise preclude any other or further exercise or the exercise of any other right, power or remedy.

[*Remainder of page intentionally left blank*]

4917-8053-3412.1

IN WITNESS WHEREOF, the parties hereto have each executed and delivered this Purchase and Assignment Agreement as of the day and year first above written.

**H. JASON GOLD, TRUSTEE FOR THE BANKRUPTCY ESTATE OF 4559 BENNING RD SE DE LLC**

By: _____


**VELOCITY COMMERCIAL CAPITAL, LLC D/B/A NEW DAY COMMERCIAL CAPITAL**

By: _____

Name: _____

Title: _____

5

4917-8053-3412.1